IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**ROBERT T. MAXWELL**                                                                                    **PETITIONER**
**ADC #108778**

v.                                            **5:09-cv-00111-JMM-JJV**

**D. WHITE, Warden,**
**Maximum Security Unit, ADC**                                                              **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 2) pursuant to 28 U.S.C. § 2254 of Robert T. Maxwell, an inmate in the custody of the Maximum Security Unit of the Arkansas Department of Correction (ADC).

## I.  Factual Background

The Arkansas Supreme Court in *Maxwell v. State*, 285 S.W.3d 195 (Ark. 2008), summarized the facts of the case as follows.  On May 8, 2006, Petitioner got into an argument with the desk clerk, David Kelso, at the Economy Inn where Petitioner's brother, Dale Daniels, had been residing for several months.  The argument began when Petitioner called and requested clean sheets and Kelso refused, based upon the motel's policy of not handing out clean sheets after eleven a.m.  After Kelso's refusal, Petitioner became irate and began shouting threats repeatedly.

Petitioner and Daniels then came to the front desk, at which time Kelso informed the other desk clerk, Imtiaz Khan, of the problem he was having with Petitioner and Daniels.  Khan joined Kelso in the office.  Khan tried to calm Petitioner, but Petitioner continued threatening Kelso, telling him that he was going to "go get an AK-47 and blow Kelso's ass away."  Khan agreed to give

Daniels a $10.00 refund if he would check out a day early. Daniels and the Petitioner retrieved Daniels belongings and left the motel in a white four-door Lincoln which Petitioner had been driving for several months.

After leaving the Economy Inn, Petitioner picked up Princess Smith, who was referenced at trial as Petitioner's girlfriend, wife, and his "common law" wife. Petitioner and Smith went to the home of Wesley Grant, Petitioner's friend, and borrowed Grant's black Ford Explorer, stating that something was wrong with Petitioner's car and they needed to run an errand. Also at the house was Cedric Barnes, who testified at trial that he had brought a .380 caliber handgun with him to the house. Barnes said he left the gun on a table when he went to the restroom and when he returned, the gun, Petitioner, and Smith were gone.

After midnight, Petitioner and Smith, driving Grant's black Ford Explorer, returned to the Economy Inn and fired at least five shots from the vehicle through the office window and into the office. One bullet struck Kelso in the left shoulder and lodged in his arm. Kelso woke Khan who called the police. Kelso was taken to the University of Arkansas for Medical Sciences, where he was treated and released. However, the bullet was not removed from his arm for fear of causing nerve damage.

University of Arkansas for Medical Sciences Police Officer Roger Blaine, who was sitting in his patrol car at a red light near the motel, witnessed the shooting. He observed a black SUV stop outside the office of the Economy Inn, and he saw muzzle flashes coming from the front passenger's side window of the SUV and heard several gun shots. Blaine and a second officer pulled over the SUV and arrested Petitioner who was driving, and Smith who was in the passenger seat.

Soon after, Little Rock Police officers responded and found a gun in the grass in a location where it could have been thrown from the SUV. Barnes identified the gun as his gun that was taken

from Grant's house on the night of the shooting. Barnes also testified that after Petitioner was arrested, he told Barnes he had taken the gun and Smith had used it in the shooting. Inside the SUV, police found one spent shell casing. Police found another five shell casings outside the Economy Inn office. Bullet fragments recovered from the motel office were found to have been fired from Barnes's gun.

Petitioner was charged with one count of discharging a firearm from a vehicle in the first degree in connection with the shot that hit Kelso. He was also charged with four counts of discharging a firearm from a vehicle in the second degree for the other shots that were fired into the Economy Inn office.

The jury found Petitioner guilty on all counts.[1] The Petitioner was sentenced as a habitual offender under Arkansas Code Annotated 5-4-501. He received a life sentence for committing the offense of terroristic act in the first degree, and sentences of 40 years for four counts of committing the offense of terroristic act in the second degree. The jury also imposed a 15-year firearm enhancement on each sentence under Arkansas Code Annotated 16-90-120.

**II.    Procedural History**

Petitioner filed a direct appeal to the Arkansas Supreme Court, arguing that the prosecution provided insufficient evidence regarding the required element that Kelso suffered serious physical injury. The Arkansas Supreme Court refused to decide the insufficiency of the evidence issue because it was not preserved for review. The Court stated that "counsel for Maxwell failed to make

---

[1] Petitioner now states that Smith fired the gun outside the vehicle without his presence, knowledge, or assistance, at trial. (Doc. No. 2 at 5(b))  Nevertheless, at trial the State successfully argued that, even if Petitioner was not the shooter, he was equally culpable as an accomplice to the shooting. *Maxwell v. State*, 285 S.W.3d at 198-199 (Ark. 2008). Princess Smith is also serving a prison sentence in the Arkansas Department of Correction for discharging a firearm from a vehicle which appears to be as a result of the incident with Petitioner.

the specific motion regarding lack of evidence to prove serious physical injury at the close of the State's case. Accordingly, his sufficiency argument is not preserved for our review." *Maxwell v. State*, 285 S.W.3d at 200 (Ark. 2008). The "failure to make the motions for directed verdict with specificity regarding the sufficiency issue on appeal equates to the motion never having been made. *Id.* "[T]his is so even in situations where the motion is specific at the close of all the evidence not at the close of the State's case." *Id.*

Petitioner then filed a Rule 37 petition in the circuit court, setting forth the same allegations he makes in the instant § 2254 petition - including counsel's failure to preserve the sufficiency of the evidence claim for appellate review. The circuit court denied Petitioner's Rule 37 motion because he failed to file his motion within the 60-day time limit. He appealed the circuit court's decision to the Arkansas Supreme Court which upheld the circuit court's denial and application of the procedural bar. The court stated, "As we find that appellant could not be successful on appeal, the appeal is dismissed. The motion to remand the matter to the trial court is moot. This court has consistently held that an appeal from the denial of post-conviction relief will not be permitted to go forward where it is clear that the appellant could not prevail." *Maxwell v. State*, 2009 WL 568232 *1 (Ark. 2009).

Petitioner subsequently filed his Petition for Writ of Habeas Corpus (Doc. No. 2) on April 14, 2009. In his original petition for habeas corpus relief, Petitioner enumerates four grounds for relief. However, all four grounds make essentially the same allegation - ineffective assistance of counsel. Petitioner sets forth supporting facts in great detail which all lead to the ultimate allegation that, but for his counsel's ineffectiveness, the outcome of the trial would have been different.

Respondent filed a response (Doc. No. 13) on June 8, 2009, stating that Petitioner's claims should be dismissed because he failed to challenge his conviction in a properly filed state post-

conviction petition. Respondent states Petitioner's failure constitutes a bar to federal habeas review and, absent a showing of cause and prejudice or a fundamental miscarriage of justice, the claims must be dismissed. Petitioner filed a reply (Doc. No. 22) on July 13, 3009, setting forth two additional allegations: (1) the Varner Unit's mail system is unconstitutional[2]; and (2) Petitioner's due process rights were violated because Petitioner was never informed of the exact accusation or elements of the offense for which he was prosecuted.

### III.     Analysis

For the following reasons, the Court finds that Petitioner's failure to challenge his conviction in a timely-filed state post-conviction petition provides an adequate and independent state ground to bar habeas review. Additionally the Court finds that Petitioner has failed to show cause and prejudice or a fundamental miscarriage of justice and, therefore, his claims should be dismissed.[3]

#### A.     Ineffective Assistance of Counsel Claims

A federal court is precluded from considering a habeas corpus claim that a "state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004)(citing *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002). This includes cases in which the state court judgment turns on an independent and adequate state procedural ground, such as a determination that a claim is procedurally defaulted. *Oxford v. Delo*, 59 F.3d 741, 744 (8th Cir. 1995); *Reagan*, 279 F.3d at 656. Where the state court dismisses a habeas petitioner's claims on independent and adequate state law grounds or the petitioner has failed to fairly present his claims to the state court, the claims are procedurally

---

[2] Petitioner's argument that Varner Unit's mail system is unconstitutional is better presented in a 42 U.S.C. § 1983 argument.

[3] To demonstrate a fundamental miscarriage of justice, Petitioner must show his actual innocence of the charges. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

6

defaulted, and a federal district court cannot consider them unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged constitutional violation or actual innocence. *Coleman v. Thompson,* 501 U.S. 722, 744, 750-51 (1991); *Prewitt v. Goeke,* 978 F.2d 1073, 1077 (8th Cir.1992); *Reagan,* 279 F.3d at 656. "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750.

The state courts of Arkansas found that Petitioner's Rule 37 motion was untimely when he filed it nine days past due, on August 25, 2008. Petitioner's claims were either known to him or able to be known to him immediately after the final mandate was issued. The Court finds that Respondent is correct in that the Arkansas Supreme Court's decision dismissing Petitioner's Rule 37 appeal for failure to comply with that Court's rules was resolved on an adequate and independent state ground – namely Petitioner's failure to file his Rule 37 Petition within 60 days of the date the appellate court mandate was issued.

    **i.** **Cause and Prejudice**

Because Petitioner's claims are barred by a state procedural rule, he must show cause and prejudice or demonstrate a fundamental miscarriage of justice (actual innocence) in order to proceed in federal court on this habeas petition. *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The existence of cause "must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). At a minimum, a petitioner must show that something "external to [him], something that cannot be fairly attributed to him," caused the procedural default. *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir.1999) (quoting *Coleman v.*

*Thompson*, 501 U.S. at 753).

Petitioner appears to be alleging that the Varner mail staff violated the adequate standards of due process with the mail and, therefore, his petition was not received in time. (Doc. No. 2 at 5(b)). Petitioner believes that his Rule 37 petition was timely submitted on August 13, 2008, one day before the 60-day deadline, because on that date he requested that the prison mail his petition to the Arkansas Supreme Court and the trial court. (*Id*.). Petitioner essentially argues that documents should be considered filed when they are placed in the prison mail system. However, this issue has already been decided by the Arkansas Supreme Court. The court has rejected the "prison mailbox rule," and it only considers an item tendered to the court the date it is received by the Clerk. *Hamel v. State*, 1 S.W.3d 434 (Ark. 1999); *Leavy v. Norris*, 920 S.W.2d 842, 842 (Ark. 1996). While the Arkansas Supreme Court's holding places a substantial burden upon inmates, a federal habeas court does not have the authority to order state court clerks to adhere to a prison mailbox rule in state proceedings, as "state procedural rules govern cases originating in state court." *Cantrell v. Norris*, No. 07-1847, 2008 WL 4527791, *1 (8th Cir. Oct. 10, 2008) (unpublished).[4] "Federal courts should not consider whether the state court properly applied its default rule to the claim; federal courts do not sit to correct a state court's application of its procedural rules . . ., except in unusual circumstances." *Sweet v. Delo,* 125 F.3d 1144, 1151 (8th Cir.1997), *cert. denied, Sweet*

---

[4]Where a state court has applied its own state law in rejecting the application of the prison mailbox rule to the timeliness of a state-court filing, federal courts are obligated to defer to the state court's interpretation of state law and practice. *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (deciding not to disturb Ohio Supreme Court's express rejection of prison mailbox rule and determination that state post-conviction motion was not timely filed); *Adams v. LeMaster*, 223 F.3d 1177, 1181 (10th Cir. 2000) (federal mailbox rule was inapplicable to question of whether state post-conviction petition was properly filed, which was a question of state procedural law); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (declining to extend prison mailbox rule to determination of whether post-conviction motion was timely filed in state court).

*v. Bowersox,* 523 U.S. 1010 (1998).

Petitioner has not alleged any unusual circumstances in this case that would require review of the state court's determination. Petitioner placing his petition in the mail only one day before the 60-day deadline was the cause of the untimeliness of the petition, not any interference by state officials. Since Petitioner has not shown "cause" for the procedural default, the prejudice element need not be addressed.

### ii. Actual Innocence

A federal habeas petitioner who has a procedural default may be able to proceed if he establishes (1) new and reliable evidence that was not presented to the state courts, and (2) that in light of the new evidence it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). The "actual innocence gateway is very limited. Few petitioners are within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Id*.

While Petitioner has alleged actual innocence as a ground for relief, he sets forth no new reliable evidence regarding his actual innocence. (Doc. No. 2 at 11). The Court has reviewed the affidavit of Elbert Davenport (Doc. No. 33), which does not present evidence that makes it more likely than not that no reasonable juror would have convicted the Petitioner. Petitioner has failed to plead or establish that new and reliable evidence exists which tends to show his innocence. Petitioner has not proven actual innocence or that a fundamental miscarriage of justice will occur if this Court does not grant his habeas corpus petition. Furthermore, to the extent that Petitioner sets forth any other grounds for relief in his Petition, these grounds are meritless and without legal support.

### B. Due Process Claim

Petitioner admits his due process argument regarding being advised of the elements of the charges against him was never presented to the state court. (Doc. No. 22 at 5-6). This is fatal to Petitioner's claim. "In order to preserve a claim for relief, a state habeas petitioner must present that claim to the state court and allow that court an opportunity to address his claim. *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006). When a habeas petitioner fails to follow an applicable state procedural rule, any claims he failed to raise are not properly before the state court and are procedurally defaulted. *Id*. Where the claim is defaulted, as is the case here, the "federal habeas court will consider it only where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in the fundamental miscarriage of justice." *Id*.

Petitioner admittedly states it was his failure which caused his claim to be procedurally defaulted. While he cites several state cases to support his position, the cited authority does not vest jurisdiction in this Court. Furthermore, Petitioner has failed to establish cause for his default in failing to raise the claim or actual prejudice. He also fails to prove that the default results in a fundamental miscarriage of justice. Therefore, this Court is barred from entertaining Petitioner's due process claim.

### C.     Conclusion

Based upon the foregoing, the Court recommends that the Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice, and the relief requested be DENIED, and all of Petitioner's outstanding motions should be DISMISSED as moot.[5]

---

[5]Petitioner asks this Court to issue a stay in this case so he may seek reconsideration of his Writ of Error *Coram Nobis* in Arkansas state court. A writ of error *coram nobis* is an extraordinary remedy that is rarely granted and is permitted only under compelling circumstances to permit justice and address only the most fundamental errors. *Pitts v. State*, 986 S.W. 2d 407, 409 (1999). After a conviction has been affirmed, the writ is only appropriate to secure relief from a judgement when the Petitioner can demonstrate that a fundamental error or fact was in existence that was not addressed, or could not have been addressed at trial because it

IT IS SO ORDERED this 20th day of November, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

was unknown to the Petitioner. *Cloird v. State*, 182 S.W. 3d 477, 479 (2004). The Petitioner must then show that had the fact been known to the trial court, it would have prevented the resulting judgment and that it was not brought forward before the judgment through no negligence or fault of the Petitioner. *Id*. "Newly discovered evidence in itself is not a basis for relief under coram nobis." *Pitts*, 986 S.W. 2d at 409. Any attempts by Petitioner to obtain reconsideration of his Writ of Error *Coram Nobis* are likely to be denied based upon the extraordinary showing he must make. Therefore, Petitioner's motion to stay (Doc. No. 36) is denied.