IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROBERT T. MAXWELL                                                                      PLAINTIFF

VS.                              CASE NO.  5:09CV00111JMM

D. WHITE                                                                                DEFENDANT

ORDER

Petitioner has filed a Motion for Relief From Judgment (#79).  In the motion, Petitioner contends that a recent change in the law found in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) requires that the denial of his 28 U.S.C. § 2254 petition be set aside and he should be able to raise the issue of his ineffective assistance of counsel in a successive § 2254 *habeas*.

*Martinez* holds that an ineffective-assistance-of-trial-counsel claim that has been procedurally defaulted because of a state-law requirement that it be raised at the initial state collateral review proceeding could nevertheless be heard by a federal habeas court if the defendant was not represented by counsel, or received the ineffective assistance of counsel, at the state collateral proceeding.  *Id.*  *Martinez* qualified *Coleman v. Thompson*, a 1991 Supreme Court case, which held that an attorney's errors on appeal from an initial-review collateral proceeding do not qualify as cause for a procedural default.  *See Coleman v. Thompson*, 501 U.S. 722, 757, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).   Thus, it appears the Supreme Court has changed the law on procedural default in *habeas* cases.

Petitioner filed his initial 28 U.S.C. § 2254 in April of 2009 claiming  ineffective assistance of trial counsel.  The petition was denied in December of 2009 finding that Petitioner had procedurally defaulted this issue at the state level when he failed to file a timely Rule 37 motion.  The Court of Appeals for the Eighth Circuit affirmed the denial in February of 2011.

In his present petition, Petitioner states that he filed his Rule 37 motion *pro se*. Based upon the allegations contained in the motion and the change in the law, the Court finds that it would be helpful for the State of Arkansas to file a response to the pending motion. *See also Williams v. Hobbs*, 685 F.3d 842, 853 (8th Cir. 2011) ("Where a claimant could not have raised a claim in his first *habeas* petition because it had not yet arisen, he will be allowed to seek a second *habeas* petition without first obtaining our authorization.").

The Clerk of the Court is directed to send the Arkansas Attorney General a copy of the Motion for Relief of Judgment. The Arkansas Attorney General is directed to file a response within 30 days of the date of this Order.

IT IS SO ORDERED THIS  5   day of   June  , 2012.

James M. Moody
United States District Judge.